## Easton Trust Co. v. Schneider et al.

*E. J. Fox*, of *Fox & Barber*, for petitioner.
*J. Willard Paff*, of *Smith & Paff*, for respondents.

LAUB, J., May 4, 1942.—This is a petition for a rule upon respondents to bring an action of ejectment within six months. It is presumably under the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212.

Ejectment is a possessory action only: Spangler v. Trogler, 228 Pa. 217.

The pleadings consist of a petition for the rule and answer thereto, but no replication to the answer was filed and no testimony was taken in support of the averments as contained in the petition.

"Under a petition for a rule to bring an action of ejectment within six months, an answer and a replication should be filed, and testimony must be taken before the rule will be disposed of.

"Possession in the petitioner must be asserted in the petition, and where that fact cannot be found from the testimony, the court must dismiss the petition": Keith's Petition (No. 1), 21 Northamp. 282 (syllabus).

Having in mind what was said by former President Judge Stewart in the last-mentioned case relative to possession, we find that in the petition for the rule, inter alia, petitioner avers in the first paragraph of the petition "it is the owner and in possession of the tract of land described as follows".

The answers filed on behalf of respondents are substantially the same and set forth in the first paragraph thereof, inter alia, "that the averments contained in paragraph 1 of the petition are denied," etc.

In the fourth paragraph of respondents' answer we find an averment as follows:

"That it is averred that the said Easton Trust Company, petitioner above named, is not now and was not at any time mentioned and referred to in these proceedings the owner of the real estate set forth in paragraph 1 of the said petition, nor was it in possession of the same."

Thus it will be seen that a jurisdictional fact required by the aforesaid acts of assembly is denied, to wit, the possession of petitioner. Hence, depositions will have to be taken so that the said court can ascertain whether or not this jurisdictional fact has been established by the weight of the evidence. In view of Keith's Petition (No. 1), supra, we will not at this time dispose of the rule but make the following order:

And now, May 4, 1942, the disposition of the rule heretofore granted is held in abeyance with leave to petitioner to file a replication to the answer, if such replication is deemed necessary. Testimony in support

of the rule must be heard in open court, to wit, Court Room No. 2, on May 29, 1942, at 9:30 a.m., eastern war time.

NOTE.—An appeal was taken from the foregoing order to the Supreme Court but was later discontinued.